DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Donald E. DeArmitt appeals the denial of his post-trial motion for a bill of particulars. We affirm.
 I.
On March 26, 1996, DeArmitt was convicted of two counts of rape. The convictions were subsequently affirmed on appeal.State v. DeArmitt (Jan. 15, 1997), Wayne App. No. 96CA0021, unreported.
On July 17, 1997, DeArmitt filed a motion for production of documents requesting only one document: a bill of particulars. The trial court denied the motion and DeArmitt appeals.
 II.
Crim.R. 7(E) states:
 When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense.
In this case, DeArmitt has waited until almost sixteen months after his convictions to request a bill of particulars. However, DeArmitt cites no authority requiring a trial court to provide a defendant with a bill of particulars after trial, and we can find no such authority.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR